LAW OFFICE OF SANDRA D. PARKER
444 Madison Avenue, Suite 1710
New York, NY 10022
(212) 317-2883
Sandra D. Parker
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x

ROMAIN R. BRANCH,

                      Plaintiffs,                    COMPLAINT AND
                                                  JURY DEMAND

           -against-

STATE UNIVERSITY OF NEW YORK
DOWNSTATE MEDICAL CENTER,
and  AYMAN FANOUS, Individually and
as Chair of the Department of Psychiatry,
STATE UNIVERSITY OF NEW YORK
DOWNSTATE MEDICAL CENTER,

                      Defendants.
--------------------------------------------------------x

      Plaintiff, Romain R. Branch, for his Complaint against the Defendants, respectfully

allege as follows:

<u>JURISDICTION AND VENUE</u>

    1.     This is an action for declaratory judgment, injunctive relief and damages

instituted against the Defendants, for unlawful employment practices and employment

discrimination, based on Plaintiffs' race and national origin, for subjecting Plaintiffs to a

hostile work environment, and for retaliation pursuant to the Civil Rights Act of 1964 (as

amended), 42 USC sec. 2000e et seq. (Title VII), the New York State Human Rights Law,

NY Exec. L. sec. 290 et seq., (NYSHRL), and the New York City Human Rights Law,

NYC Admin.  Code sec.8-101 et seq., (NCHRL) and to redress the deprivation of

Plaintiff's rights, privileges and immunities secured by the Fourteenth Amendment of the

United States Constitution, pursuant to the Civil Rights Act of 1866 (as amended), 42 USC

sec. 1981, and in violation of the Civil Rights Act of 1871 (as amended), 42 USC sec.

1983.

2.      Jurisdiction over the subject matter of this Complaint is conferred on this

Court pursuant to 28 USC sec. 1331 and 28 USC sec. 1343.  This Court's pendent

jurisdiction is invoked pursuant to 28 USC 1367(a). Plaintiff further invokes this Court's

jurisdiction pursuant to 28 USC sec. 2201 and 2202.

3.      The venue of this action is properly placed in the Southern District of New

York, pursuant to 28 USC sec. 1391(b), and 42 USC sec. 2000e-5(f).

4.      Plaintiffs has satisfied the procedural requirements of Title VII, prior to

commencement of this action.

5.      In or about June 2018 Plaintiff filed charges with the Equal Employment

Opportunity Commission (EEOC), alleging that Defendants subjected him to

discriminatory treatment, in the terms and conditions of employment, based on his race and

national origin, retaliated against him, and forced him to work in a hostile environment.

6.      Plaintiffs commenced this action within ninety (90) days of his receipt of the

EEOC Notice of Right to Sue.

## PARTIES

7.      Plaintiff Romain R. Branch is an African-American of Carribean national

origin.

8.      At all times relevant Plaintiff was an 'employee' of the  Defendant State

University of New York Downstate Medical Center (Downstate Medical Center) within the

meaning of Title VII, the NYSHRL, and the NYCHRL.

9.       At all times relevant herein, Defendants were Plaintiff's employer within the

meaning of 42 USC sec. 2000e(b), the NYSHRL, and the NYCHRL.

10.     Defendant Downstate Medical Center is upon information and belief an

educational institution funded by New York State, with offices located at 450 Clarkson

Avenue, Brooklyn, New York 11203.  It is sued for engaging in unlawful employment

practices, in violation of Title VII.

11.     Defendant Ayman Fanous (Fanous) is sued individually and in his capacity as

Chair of the Psychiatry Department of Downstate Medical Center.  During all times relevant

herein, Fanous acted under and continues to act under color of state law.

12.     At all times relevant herein, Defendants made daily decisions regarding

Plaintiff's employment, possessed and exercised the authority to hire Plaintiff and to

terminate Plaintiff's employment, had the authority and exercised the authority to supervise

and control Plaintiff's working conditions, had the power and exercised the power to

determine Plaintiff's compensation, and had control over the conduct and activities which

give rise to claims that are the subject of this Complaint.

13.    Defendants  exercised power and control and are the final policy makers with

respect to the practices, policies and procedures maintained regarding their employees,

including those that are the subject of this Complaint.

14.    Defendants acted together in promulgating, enforcing and maintaining

the practices and policies referred to and complained of herein.

15.    At all times relevant herein, Defendants are and were responsible for the acts

of their staff, supervisors and officers, who were acting within the scope of

their employment and under the color of law, in violation of an individual's right to equal

protection, provided by the Fourteenth Amendment of the United States Constitution.

16.    At all times relevant herein Defendants acted under color of law.

17.    Defendant Ayman Fanous (Fanous) is the Chair of Psychiatry Department at

 Downstate Medical Center , and acted under color of state.

18.    Defendant Fanous in his individual capacity for depriving Plaintiff of his civil

rights, under color of state law, in violation of 42 USC sec. 1983.

19.    Defendant Fanous is sued in his  individual capacity, for engaging in unlawful

employment practices and discrimination, in violation of the NYSHRL and the NYCHRL.

FACTS

20.     Plaintiff began his employment with Defendants in or about December 2015, as the Program Director of the Adult Psychiatry Residency Training Program.

21.     Plaintiff was the sole African-American and Caribbean faculty in the Psychiatry Department.

22.     During Plaintiff's tenure, he reported to Defendant Fanous.

23.     Fanous subjected Plaintiff discriminatory treatment by among other things denying Plaintiff support and resources for Plaintiff to properly perform his duties.

24.     Fanous further demanded that Plaintiff increase his clinical duties.

25.     Fanous did not subject Plaintiff's predecessors to the above treatment and demands.

26.     Fanous provided Plaintiff's predecessors, who were Caucasian, the resources and support they needed to perform their duties.

27.     Following Plaintiff numerous complaints about this treatment, Defendants removed Plaintiff from the position of Program Director.

28.     Defendants replaced Plaintiff with a person of Indian descent.

29.     Thereafter, in or about February 2018, Defendants told Plaintiff they would not renew is employment.

30.     On or about April 16, 2018 Plaintiff filed a discrimination complaint with the Defendants' Office of Diversity and Inclusion.

31.   After Plaintiff filed his complaint, Defendants took retaliatory action against him.

32.    Defendants marginalized Plaintiff.

33.   Defendants excluded Plaintiff from Psychiatry Department meetings and activities.

34.   Defendants did not exclude other faculty members from meetings and other Psychiatry Department activities.  Defendants invited them to the meetings and activities.

35.   Defendants further retaliated against Plaintiff by requiring him to perform additional duties not required of other faculty members.

36.   The working environment became so intolerable, forcing Plaintiff to leave his position with Defendants.

37.   Defendants subjected Plaintiff to the foregoing treatment because of their discriminatory animus directed against him on account of his race and national origin, and in retaliation for his complaints of discriminatory treatment.

## COUNT I

38.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 37 of this Complaint, with the same force and effect as if set forth herein.

39.   Defendant Downstate Medical Center discriminated against Plaintiff in the terms and conditions of his employment, subjected him to disparate treatment on the basis

on his race and national origin, forced Plaintiff to work in a hostile environment, and

retaliated against Plaintiff, in violation of 42 USC sec. 2000e et seq.

40.     As a proximate result of Defendant's racial and national origin discrimination

against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses, including

the loss of past and future earnings, career advancement, and other employment benefits.

41.     As a proximate result of Defendant's racial and national origin discrimination,

Plaintiff has suffered and continues to suffer impairment and damage to his good name and

reputation.

42.     As a proximate result of Defendant's racial and national origin discrimination,

Plaintiff has suffered and continues to suffer severe lasting embarrassment, humiliation and

anguish, and other incidental and consequential damages and expenses.

43.     The conduct of the Defendant was outrageous and malicious, was intended to

injure Plaintiff, and was done with reckless indifference to Plaintiff protected civil rights,

entitling Plaintiff to an award of punitive damages.

## COUNT II

44.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs

1 through 37 of this Complaint, with the same force and effect as if set forth herein.

45.     Defendants Fanous, as Chair of Department of Psychiatry of Downstate

Medical Center engaged in the conduct complained of herein, because of his discriminatory

animus directed against Plaintiff on account of his race and national origin.

46      By engaging in such conduct, Defendant denied Plaintiff the equal protection

of the law, in violation of the Fourteenth Amendment of the Constitution of the United

States, and  denied Plaintiff the right to make and enforce contracts, as enjoyed by

Caucasian persons, pursuant to 42 USC sec. 1981, all in violation 42 USC sec. 1983.

47.     As a proximate result of Defendant's violation of Plaintiff's civil rights,

Defendant deprived Plaintiff of employment opportunities and caused Plaintiff to sustain

substantial damages.

48.     As a proximate result of Defendant's deprivation of Plaintiff's civil rights,

Plaintiff suffered and continues to suffer impairment and damage to his good name and

reputation.

49.     As a proximate result of Defendant's deprivation of Plaintiff's civil rights,

Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation and

anguish, and other incidental and consequential damages.

COUNT III

50.     Plaintiff repeats and reallege each and every allegation set forth in paragraphs

1 through 37 of this Complaint, with the same force and effect as if set forth

51.     Defendant Fanous, under color of state law, subjected Plaintiff to

discriminatory treatment, because of his discriminatory animus directed against Plaintiff on

account of his race and national origin.

52.     As a result of Defendant's discriminatory conduct,  Defendant denied Plaintiff

8

the equal protection of the law, and the full and equal benefits of all laws and proceedings

for the security of his employment, because of his race and national origin, in violation of

the Fourteenth Amendment of the United States Constitution, and 42 USC sec. 1983.

53.     As a proximate result of Defendant's actions, Plaintiff suffered and continues

to suffer substantial losses, including the loss of past and future earnings, employment

opportunities, and other employment benefits.

54.     As a proximate result of Defendant's actions, Plaintiff suffered and continues

to suffer impairment and damage to his  good name and reputation.

55.     As a proximate result of Defendant's actions, Plaintiff suffered and continues

to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental

and consequential damages and expenses.

56.     The conduct of the Defendant was outrageous and malicious, was intended to

injure Plaintiff, and was done with a conscious disregard of his civil rights, entitling

Plaintiff to an award of punitive damages.

## COUNT V

57.     Plaintiff repeats and realleges each and every allegation set forth in

paragraphs 1 through 37 of this Complaint, with the same force and effect as if set forth

58.     Defendant Fanous subjected Plaintiff to disparate treatment, based on his race

and national origin, in violation of NY Exec. L. sec. 290 et seq.

59.     As a result of the foregoing, Plaintiff has been denied employment.  Plaintiff

has lost wages, benefits, employment and promotional opportunities.  Plaintiff has suffered

mental anguish, emotional distress and loss of enjoyment of life. Plaintiff has incurred

damages thereby.

COUNT VI

60.     Plaintiff  repeats and realleges each and every allegation set forth in

paragraphs 1 through 37 of this Complaint, with the same force and effect as if set forth

61.     Defendant Fanous subjected Plaintiff to disparate treatment, based on

Plaintiff's race and national origin, in violation of NYCHRL.

62.     As a result of the foregoing, Plaintiff has been denied employment.  Plaintiff

has lost wages, benefits, employment and promotional opportunities.  Plaintiff suffered

mental anguish, emotional distress and loss of enjoyment of life. Plaintiff incurred damages

thereby.

WHEREFORE, Plaintiff prays that this Court grant him judgment containing the

following relief:

1.     A declaration that the acts and practices complained of herein are in violation

of 42 U.S.C. sec. 2000e et seq., 42 U.S.C. sec. 1983,  NY Exec. L. sec. 290 et seq., and

NYC Admin. Code sec. 8-101 et seq.

2.     An order prohibiting Defendants Downstate Medical Center, and Fanous from

continuing or maintaining the policy, practice and/or custom of denying job benefits and

opportunities to employees on the basis of race, and national origin.

3.     An award to Plaintiff of actual damages in an amount to be determined at trial

for loss wages, benefits and promotional opportunities, including an award of front pay,

compensating them for loss of future salary and benefits.

4.     An award of damages in an amount to be determined at trial to compensate

Plaintiff for mental anguish, humiliation, embarrassment, and emotional injury.

5.     An award of punitive damages in an amount to be determined at trial.

6.     An order enjoining Defendants Downstate Medical Center and Fanous from

engaging the wrongful acts and practices complained of herein.

7.     An award of pre-judgment and post-judgment interest.

8.     An award of reasonable attorney's fees and costs of this action.

9.     Such other and further relief, as this Court may deem just and proper.

Pursuant to Fed. R. Civ. Proc. 38, Plaintiff demands a trial by jury of all issues of fact in this

action.

Dated:     New York, New York
           October 17, 2018

                                          LAW OFFICE OF SANDRA D. PARKER


                                          By:/s/ Sandra D. Parker
                                                Sandra D. Parker
                                                444 Madison Avenue, Suite 1710
                                                New York, NY 10022
                                                (212) 317-2883
                                                Attorney for Plaintiffs
                                                parkefirm@aol.com