UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROMAIN R. BRANCH,

                        Plaintiff,

-against-

STATE UNIVERSITY OF NEW YORK, et al.,

                        Defendants.

18cv9516 (AT) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

The above-captioned action has been referred to this Court by the Honorable Analisa Torres, U.S.D.J., to address a number of specific discovery disputes that have been raised by the parties and for general pretrial supervision. (Dkt. 91.) This Order will address one of the several pending disputes, particularly a dispute between defendants the State University of New York ("SUNY") and Aynan Fanous ("Fanous") (collectively, "Defendants"), on the one hand, and a non-party witness, Kevin L. Antoine ("Antoine"), on the other, as to whether Antoine should be required to appear for a deposition pursuant to a subpoena served on him by Defendants. Currently, there are two motions pending on the Docket that relate to this dispute – a motion by Defendants to compel Antoine's appearance at a deposition, and a motion filed *pro se* by Antoine to quash the subpoena. For the reasons discussed below, Defendants' motion to compel (Dkt. 81) is granted, and Antoine's motion to quash (Dkt. 84) is denied.

## BACKGROUND

As background, this is an employment discrimination case, in which plaintiff Romain R. Branch ("Plaintiff"), "an African-American of Caribbean national origin" who was employed as a Clinical Assistant Professor of Psychiatry and the Director of the Adult Psychiatry

Residency Training Program at Downstate Medical Center, a SUNY institution ("SUNY Downstate") (*see* Third Amended Complaint, dated Oct. 11, 2019 ("3d Am. Compl") ¶¶ 7, 9, 21), claims, *inter alia*, that he was subjected to a hostile work environment, demoted, and eventually terminated by Defendants for discriminatory reasons (*see generally id*.). According to Defendants, Antoine, during the relevant period, served as the Chief Diversity Officer at SUNY Downstate, and, in that role, "he was responsible for overseeing the Office of Diversity and Inclusion ('ODI'), which is tasked with investigating complaints of discrimination and harassment as SUNY Downstate." (Letter Motion to the Court from Elyce N. Matthews, Esq., dated Feb. 20, 2020 ("Defs. Mtn. To Compel") (Dkt. 81), at 1.) Defendants also explain that they have sought Antoine's deposition because Plaintiff had alleged that he made one or more complaints to ODI, and because, in his initial disclosures, Plaintiff had identified Antoine as a person who potentially possesses information relevant to his claims. (*Id.*)

Initially, Defendants informed the Court that, based on what they had been told by Antoine's counsel, Antoine was willing to give deposition testimony, but only if the deposition were held on a weekend, leading Defendants to seek an order compelling him to appear on a weekday. (*See generally id*.) One day later, however, Defendant updated their motion by informing the Court that Antoine had sent them a copy of a purported motion to quash the subpoena that had been served on him, indicating in that motion (which had not yet been filed) that he was unwilling to appear for a deposition at all. (*See* Letter to the Court from Elyce N. Matthews, Esq., dated Feb. 21, 2020 ("Supp. Defs. Ltr.") (Dkt. 82).) Defendants argued that either Antoine's testimony should be compelled, or, alternatively, Plaintiff should be precluded from "soliciting, introducing, or relying upon any testimony from [] Antoine via a declaration, affidavit, statement, live testimony, or otherwise." (*Id.*, at 2.) Plaintiff then filed a letter,

contending that Defendants' requested alternative relief of preclusion would be premature, and was not adequately supported by Defendants' submissions. (*See* Letter to the Court from Sandra D. Parker, Esq., dated Feb. 24, 2020 ("Pl. Ltr.") (Dkt. 83).)

Meanwhile, proceeding *pro se*, Antoine proceeded to file his motion to quash the subpoena (*see* "Notice of Motion to Squash [sic] Subpoena," dated Feb. 18, 2020 ("Antoine Mtn. To Quash") (Dkt. 84)), together with a supporting Declaration (Declaration of Kevin L. Antoine, dated Feb. 18, 2020 ("Antoine Decl.") (Dkt. 85)). He also submitted a letter, requesting that his motion be granted. (Letter to the Court from Kevin L. Antoine, dated Feb. 22, 2020 ("Antoine Ltr.") (Dkt. 95).) Antoine states in his Declaration that has "just started a new job" (Antoine Decl. at ECF 5[1]); that he "does not have any accumulated time to take a day off of work" (*id*.); that he "lives in New Jersey and works in Pennsylvania" (*id*.); and that Defendants refused to consider the "reasonable step[]" of scheduling his deposition on a weekend, so as "to avoid imposing undue burden or expense" on him (*id*.). He also states that he has not been a SUNY employee "for almost two years" (*id.*, at ECF 3); that "SUNY collected its state property[,] including his computer and his entire digital work product on April 21, 2018" (*id*.); and that "[t]here are more than 120 employees, including at least 10 administrators in the Human Resources department" that could be deposed for the information Defendants are seeking (*id*.). Noting that he is currently involved in a separate litigation with SUNY, in which he has brought "whistleblower/retaliation" claims against SUNY in the Eastern District of New York, Antoine also contends that the "primary aim" of Defendants' subpoena in this action "is to harass[] [and] burden" him, and to "get access to [his] attorney-client privilege[d] information" in that separate

---

[1] As not all of the pages of Antoine's Declaration are numbered, this Court cites herein to the page numbers affixed to the document by the Court's Electronic Case Filing ("ECF") system.

case. (*Id.*, at ECF 3-4; Antoine Ltr., at 1-2 (describing Defendants' position regarding the subpoena as "abus[ive]").) Finally, Antoine contends that he was never made aware that Plaintiff had identified him as a person with knowledge relevant to his claims, and that Plaintiff had given him no notice of any intention to use his testimony in this case. (Antoine Ltr., at 1.)

In response to Antoine's submissions, Defendants state that Antoine's assertions regarding the purposes for which the subpoena was served are "incorrect" and that Defendants "have no intention of seeking privileged information at [] Antoine's deposition." (Letter to the Court from Elyce N. Matthews, Esq., dated Mar. 4, 2020 ("Defs. Reply") (Dkt. 90), at 2.) Defendants reiterate that Plaintiff has both alleged that he made complaints to ODI during Antoine's tenure there, and, in his initial disclosures, identified Antoine as a potential witness with relevant knowledge or information. (*Id.*) Defendants thus reiterate their request that this Court either compel Antoine to appear for deposition or preclude Plaintiff from relying on his testimony. (*Id.*)

## **DISCUSSION**

In connection with their motion to compel Antoine's testimony, Defendants have submitted a copy of Plaintiff's initial disclosures under Rule 26(a) of the Federal Rules of Civil Procedure (Dkt. 82-1), which confirms that Plaintiff identified Antoine as a person who might have "knowledge regarding the treatment and working conditions of Plaintiff[] [and] his predecessors and successors" (*id.*). It is self-evident that, where a particular office of an institution is tasked with receiving complaints of employment discrimination within the institution, the individual responsible for that office may have knowledge or information regarding the discrimination claims of an employee who alleges that he made complaints to the office. Further, even if Antoine does not actually possess knowledge or information regarding

4

Plaintiff's own complaints to ODI, he may have knowledge of other information relevant to Plaintiff's claims, including – as Plaintiff seems to have suggested in his Rule 26(a) disclosure – knowledge regarding the treatment of other employees who may have been similarly situated to Plaintiff, but not of the same protected class.

Based on the facts that have been presented by Defendants, regarding both the nature of Antoine's prior position at SUNY and Plaintiff's identification of him as a witness who might be able to present evidence in support of Plaintiff's claims, Defendants have established that there is more than a remote possibility that Antoine possesses information relevant to the claims or defenses in this case. It is thus Antoine's burden to show that Defendants should be denied the opportunity to take discovery from him, via a deposition. *Dukes v. NYCERS*, 331 F.R.D. 464, 469 (S.D.N.Y. 2019) ("The burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant." (internal alteration and citation omitted)); *see also Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 87 (S.D.N.Y. 2016) ("If a party objects to discovery requests, that party bears the burden of showing why discovery should be denied.").

Antoine has not persuaded this Court that the subpoena should be quashed. Antoine does not dispute that he has, or may have, knowledge or information relevant to Plaintiff's claims. Nor has Antoine pointed to any evidence that Defendants' "primary aim" is to "harass" or "burden" him, other than that fact that he also has a lawsuit pending against SUNY. Any concerns Antoine has that Defendants may seek privileged information at his deposition, or information irrelevant to Plaintiff's claims in this case, may be properly addressed at the deposition. In addition, the fact that Plaintiff may not, as yet, have contacted Antoine to seek his assistance in proving his claims is of little moment at this juncture. Plaintiff would be well

5

within his rights to request a sworn statement or declaration from Antoine in connection with a summary judgment motion, to request his trial testimony, or even to subpoena him to testify at trial. Defendants are entitled to discover what relevant knowledge or information Antoine might have *prior* to Plaintiff's taking such steps.

Finally, as Defendants pointed out in their initial submission, "[a]bsent extraordinary circumstances and absent agreement of counsel, depositions should be scheduled on a day during the regular business week of Monday through Friday, not on a weekend day." (Def. Mtn. To Compel, at 2 (quoting *Wounded Warrior Project, Inc. v. Help Indiana Vets, Inc.*, No. 1:14-cv-75-PPS-CAN, 2014 WL 12538947, at *1 (N.D. Ind. May 23, 2014) (internal quotation marks omitted)).) Here, Antoine's assertions that he has recently started a new job and thus does not have accrued time off is not the type of extraordinary circumstance that would justify divergence from the usual rule that depositions should be held during weekday business hours. Accordingly, this Court will not require Defendants to conduct Antoine's deposition on a weekend.

## CONCLUSION

For the foregoing reasons, Defendants' motion to compel Antoine to appear to give deposition testimony (Dkt. 81) is granted, and Antoine's motion to quash (Dkt. 84) is denied. Antoine is hereby ordered to appear for a deposition on a weekday to be agreed by the parties and Antoine, but not later than April 17, 2020.

In light of the within rulings, the Clerk of Court is directed to close the motions at Dkts. 81 and 84 on the Docket of this case.

Dated: New York, New York
March 13, 2020

SO ORDERED

*[signature: Debra Freeman]*

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)

Mr. Kevin L. Antoine
40 Cannon Road
Old Bridge, NY 08857