**SANDRA D. PARKER**
110 East 59th Street, Suite 3200
New York, New York 10022
212-317-2883

July 20, 2020

**BY ECF**
Honorable Debra C. Freeman
United States District Court
500 Pearl Street
New York, NY 10007

RE:  Branch v. SUNY et al.
     18 CV 9516 (AT)(DCF)

> No later than 7/28/20, the parties are directed to submit a joint letter succinctly explaining exactly what discovery still remains to be completed, and how much time is needed to complete it. If any depositions have been scheduled but not yet conducted, then the dates for those depositions should also be provided.
>
> Dated: 7/24/2020
> SO ORDERED
>
> DEBRA FREEMAN
> United States Magistrate Judge

Dear Judge Freeman:

    This firm represents Romain Branch, the Plaintiff in the above entitled action. Counsel writes in response to the Court's Order of this day, in which the Court among other things deemed discovery completed in the case. Plaintiff has contacted the Defendants' counsel to possibly submit a joint letter addressing that Order, or to obtain her consent to this application. However, counsel has not yet received a response. Given the urgency of the issue Plaintiff is proceeding with this submission in order to bring the matter to the Court's attention. Plaintiff provided Defendants' counsel While the parties have taken steps to comply with the directives issued during the May 26, 2020 conference discovery is not completed. In addition, counsel for the Plaintiff did not understand the directives issued during the May 26, 2020 conference as inviting the parties to seek a further discovery extension if needed. Accordingly, Plaintiff respectfully requests that the parties be permitted to submit by July 24, 2020 a status letter outlining the status of discovery, any outstanding issues that have not been addressed and that need to be addressed, and a proposed deadline for completing discovery.

    Plaintiff apparently misinterpreted the Court's directive and Order regarding the discovery deadline. At the time of the May 26, 2020 there was pending, competing requests from Plaintiff and Defendants to extend the discovery deadline. The Court did not rule on those requests. Counsel for the Plaintiff interpreted the Court's Order on that issue as directing the parties to resolve the issue regarding the discovery deadline rather than involving the Court. The parties agreed to do so. Counsel believes that also is Defendants' interpretation of the Order, since the parties have a meet and confer conference scheduled for July 22 to address that issue

and other issues related to compliance with the directives the Court issued during the May 26, 2020 conference.

The parties have taken steps to comply with the directives the Court issued during the May 26, 2020 conference, including Plaintiff deposing Drs. Wlody and Pato, pursuant to subpoenas and Defendants completing Plaintiff's deposition. Plaintiff has served Dr. Wlody and Pato with the deposition subpoenas, setting dates for their depositions for this month. The completion of Plaintiff's deposition also is scheduled to proceed. During the parties' scheduled July 22 meet and confer conference, we plan to address outstanding issues related to the Court's directive, including the discovery deadline.

Plaintiff's efforts to move forward with completing discovery also was hampered by unanticipated consequences that flowed from the COVID-19 pandemic. Specifically, counsel lost a dear and beloved family member to the virus, and then unexpectedly had to find new office space and relocate her office. These unanticipated events reduced the time available to counsel for completing discovery in this case.

For the foregoing reasons, Plaintiff respectfully requests that the parties be permitted to submit by July 24, 2020 a status letter outlining the status of discovery, any outstanding issues that have not been addressed and a proposed deadline for completing discovery.

Respectfully submitted,


/s/
Sandra D. Parker
SDP:mm

cc:     Johane Severin, Esq. (By ECF)