UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROMAIN R. BRANCH,

                Plaintiff,

-against-

STATE UNIVERSITY OF NEW YORK, et al.,

                Defendants.

18cv09516 (AT) (DF)

**ORDER**

---

**DEBRA FREEMAN, United States Magistrate Judge:**

This employment discrimination case, brought by plaintiff Romain Branch ("Plaintiff") against defendant State University of New York ("SUNY") and Dr. Ayman Fanous (collectively "Defendants"), is before this Court for general pretrial supervision. Currently before this Court is a motion by Plaintiff to compel:

    (1)    the deposition of Dr. Wayne J. Riley, the current president of SUNY Downstate Medical Center ("SUNY Downstate"),

    (2)    the production of documents, pursuant to subpoenas, from non-party witnesses Dr. Carlos Pato and Dr. David Wlody, and

    (3)    the Rule 30(b)(6) deposition of defendant SUNY, based on topics listed by Plaintiff in his "Fourth" Rule 30(b)(6) deposition notice.

(Dkt. 125.) For the reasons discussed below, Plaintiff's motion is denied, except to the extent that the Rule 30(b)(6) deposition may proceed based on the topics set out below.

## BACKGROUND

By Order dated July 20, 2020 (Dkt. 113), this Court indicated its understanding that all discovery disputes that had been presented to the Court had been resolved, and that, as no party had requested an extension of the discovery deadline (which, by then, had passed), discovery

should be considered closed. That same day, however, Plaintiff wrote to the Court, expressing concern about that Order, and representing that, in fact, certain discovery was still outstanding and there were discovery issues that might still need to be addressed. (Dkt. 115.) This Court responded to Plaintiff's letter by issuing another Order, stating the following:

> No later than 7/28/20, the parties are directed to submit a joint letter succinctly explaining exactly what discovery still remains to be completed, and how much time is needed to complete it. If any depositions have been scheduled but not yet conducted, then the dates for those depositions should also be provided.

(Dkt. 121 (Mem. Endors.).)

On July 28, 2020, the parties then made a joint submission, requesting that they be given until September 25, 2020 to complete all remaining discovery, and raising two "areas of continued disagreement": the topics that would be appropriate for a Rule 30(b)(6) deposition of defendant SUNY, and the propriety of the document subpoenas that had been served on Drs. Pato and Wlody. (*See* Dkt. 122.) By Order dated August 18, 2020, this Court granted the request to extend the discovery period to September 25, 2020, declined to quash the document subpoenas to Drs. Pato and Wlody on the grounds that they were served outside the discovery period, and indicated that it expected the parties to be able to work together to resolve any remaining issues. (*See* Aug. 18, 2020 Order.) This Court also stated that, "[i]f necessary, any motions to compel should . . . be made on an agreed schedule that [would] allow for their resolution prior to the close of discovery." (*Id.*)

Plaintiff then filed the instant motion to compel on September 4, 2020. (Dkt. 125.) The motion follows up on the parties' dispute regarding the document subpoenas served on Drs. Pato and Wlody, but raises, for the first time, the subject of Dr. Riley's potential deposition. (*See id.*) As for the scope of the proposed Rule 30(b)(6) deposition, this Court notes that it has already

addressed this issue twice, in lengthy conferences with counsel, and the within Order now marks the *third* time that it will need to do so.

With respect to this last issue, the relevant procedural history is as follows: On December 9, 2019, the parties submitted a joint letter to the Court, in which Plaintiff complained, *inter alia*, that SUNY was refusing to comply with what was then Plaintiff's third notice of a Rule 30(b)(6) deposition. (*See* Dkts. 56; 56-1, Ex. C.) On January 17, 2020, this Court held a telephonic conference with counsel, at which it addressed the propriety of Plaintiff's listed Rule 30(b)(6) deposition topics, providing guidance on each one of those topics. (*See* Dkt. 69 (Transcript of telephone conference held on Jan. 17, 2020).) The Court urged counsel to work through their disputes in light of that guidance, and to narrow the scope of the 30(b)(6) topics accordingly. (*Id.*, at 47.)

On February 7, 2020, however, the parties made another joint submission (Dkt. 80 (containing separate letters from the parties)), in which Plaintiff noted that he had served an amended third deposition notice (Dkt. 80-1, at 17), but that the parties had remained unable to agree on the propriety of the listed topics. Moreover, on April 14, 2020, the parties submitted yet another joint letter, in which Plaintiff complained, *inter alia*, that "[t]he categories of information [for the Rule 30(b)(6) deposition] remain[ed] unresolved." (Dkt. 101, at 3.) On May 26, 2020, this Court held another discovery conference (*see* Dkt. 111 (Transcript of telephone conference held on May 26, 2020)), at which it addressed the revised topics that Plaintiff had listed in the amended notice. While Plaintiff's amended third notice incorporated some of this Court's instructions from January 17, that notice left intact many of the originally stated topics, which this Court had found to be overbroad. This Court once again went through Plaintiff's listed topics, and again instructed Plaintiff to narrow them. (*See* Dkt. 111, at 48-51.)

Despite those instructions, it appears that Plaintiff then re-served a copy of the deposition notice, that, despite being titled a "fourth" notice, was materially identical to the amended third notice.  (*See* Dkt. 125-7.)  In response, Defendants' counsel herself crafted a list of proposed deposition topics (based largely, but not entirely, on this Court's comments) (Dkt. 125-8), and sent them to Plaintiff, who did not accept them.  In their joint letter of July 28, 2020, the parties seemed to suggest that they were still working on resolving their differences regarding the scope of the notice, and Plaintiff indicated that, if the parties remained unable to reach agreement, he would nonetheless proceed with the deposition on the topics outlined by Defendant, without waiving his right to seek further judicial intervention.  (*See* Dkt. 122.)  In the motion that Plaintiff has now filed, he seeks to compel a deposition of SUNY covering all the topics listed in the fourth notice.

Defendants filed their response to Plaintiff's motion on September 10, 2020.  (Dkt. 127.)  Plaintiffs filed a reply on September 11, 2020.  (Dkt. 128.)  The discovery cut-off, as extended, remains September 25, 2020.

## DISCUSSION

### I.     DEPOSITION OF DR. RILEY

Plaintiff alleges that Dr. Riley directed the removal of Plaintiff as the Director of the Adult Psychiatry Residency Program, convened at least two meetings on the subject of Plaintiff's tenure as Director, and may have been involved in Plaintiff's termination.  (Dkt. 125, at 2.)  Defendants respond that Dr. Riley is a "high-ranking government official" and that Plaintiff must therefore demonstrate exceptional circumstances to justify his deposition, such as his possession of unique first-hand knowledge related to the litigated claims.  (Dkt. 127, at 1 (citing *Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013)).)

4

Defendants maintain that Dr. Riley lacks unique first-hand knowledge related to any of the matters at issue in this case, and that, due to Dr. Riley's responsibilities as the president of a public university and medical center, he should not have to spend "an inordinate amount of time tending to pending litigation." (Dkt. 127, at 2-3 (citing *Lederman*, 731 F.3d at 203).) On reply, Plaintiff does not dispute that Dr. Riley is a high-ranking official, but argues that he does in fact possess unique first-hand knowledge regarding Plaintiff's claims. (Dkt. 128, at 7.)

Having reviewed the parties' submissions, this Court notes that neither party has even acknowledged that this Court had previously directed them to set forth, by July 28, 2020, *all discovery that remained to be completed in this action*, and that their July 28 response nowhere mentioned Dr. Riley's deposition or any dispute regarding such a deposition. It is possible that Plaintiff did not discern a need for Dr. Riley to be deposed until hearing the testimony of Dr. Pato, who was not deposed until July 31, 2020 (*see* Dkt. 127-1), but this would not explain why Plaintiff then waited until August 26, 2020 to notice Dr Riley's deposition (*see* Dkt. 125-2). Further, Plaintiff was well aware that this Court had requested information from the parties regarding *all* discovery that remained to be competed, and, after Dr. Pato's deposition, Plaintiff made no effort to update the Court regarding any previously unanticipated need for additional discovery. Instead, Plaintiff merely added this deposition to a motion to compel filed more than a month after Dr. Pato was deposed, and only three weeks before discovery would close.

Under these circumstances, combined with the fact of Dr. Riley's undisputed high rank and the, at best, ambiguous evidence that Plaintiff has put forward regarding Dr. Riley's supposed direct involvement in Plaintiff's removal as the Director of the Adult Psychiatry Residency Program and the termination of Plaintiff's contract, the motion to compel Dr. Riley to appear for deposition is denied.

.

## II.     DOCUMENT SUBPOENAS TO DRS. PATO AND WLODY

Plaintiff also moves to compel the production of subpoenaed documents from Drs. Pato and Wlody, two non-party witnesses. (Dkt. 125, at 3.) Defendants, however, represent that both doctors were among the custodians whose documents were searched in response to Plaintiff's document requests to Defendants and that any materials responsive to the document subpoenas have already been produced. (Dkt. 127, at 4.) Furthermore, both doctors have been deposed, and, at their depositions, neither indicated that he had personal possession of any additional documents. Dr. Wlody specifically testified that he was not aware of the existence of any of the documents listed in his subpoena, and Dr. Pato testified that, while he was aware of the existence of some of the documents, he was not in possession of them. (*See id*.) Under these circumstances, Plaintiff has not demonstrated that any documents responsive to the subpoenas have been withheld by these witnesses, or generally from production in this case, and this aspect of his motion is therefore also denied.

## III.    SUNY'S RULE 30(b)(6) DEPOSITION

As noted above, this Court has already held two telephonic conferences with counsel for the parties, in an attempt to resolve their various disputes regarding Plaintiff's framing of Rule 30(b)(6) deposition topics. Rather than have a third conference on the eve of the scheduled deposition, the parties' continuing dispute is resolved as follows.

Defendant SUNY shall designate one or more witnesses to give testimony, pursuant to Rule 30(b)(6), on the following topics, and Plaintiff's questioning shall be limited to these topics:

> 1. The appointment process, qualifications, job responsibilities, and terms and conditions associated with the positions of (a) Clinical Assistant Professor in the Psychiatry Department at SUNY Downstate, and

        (b) Director of the Adult Psychiatry Residency Program at SUNY Downstate;

2.     The purpose, function, and operation of the Adult Psychiatry Residency Program;

3.     The purpose, function, and operation of the Office of Diversity Inclusion;

4.     The identities of the persons who attended or were involved in communications, discussions, and correspondence regarding (a) replacing Plaintiff as Director of the Adult Psychiatry Program and (b) not renewing his employment contract, and the reasons for Plaintiff's replacement as Director and the non-renewal of his contract;

5.     The reason(s) that Dr. Pato ceased being Dean of SUNY's College of Medicine and the identity of his replacement(s);

6.     The mission, resources, and organizational structure of the Psychiatry Department at SUNY College of Medicine and the Department of Psychiatry;

7.     The names of the committees within the Psychiatry Department, the identities of the Committee's members, and the dates of those Committee's meetings from December 1, 2015 through June 30, 2018;

8.     The identities of the persons working in the Psychiatry Department invited to attend the Grand Rounds events and/or luncheons and the identities of the persons that attended such events and/or luncheons from December 1, 2015 through June 30, 2018; and

9.     The Evaluative File Review Process.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion to compel (Dkt. 125) is denied, except to the extent that Plaintiff may proceed with a Rule 30(b)(6) deposition of defendant SUNY based on the deposition topics framed by this Court and stated herein.

Dated: New York, New York
September 17, 2020

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)