UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROMAIN R. BRANCH,<br><br>         Plaintiff,<br><br>  -against-<br><br>STATE UNIVERSITY OF NEW YORK, et al.,<br><br>         Defendants. | 18cv09516 (AT) (DF)<br><br>**ORDER** |

**DEBRA FREEMAN, United States Magistrate Judge:**

This employment discrimination case, brought by plaintiff Romain Branch ("Plaintiff") against defendants State University of New York ("SUNY") and Dr. Ayman Fanous, is before this Court for general pretrial supervision. Currently before this Court is Plaintiff's motion for discovery sanctions against defendant SUNY. (Dkt. 145.) For the reasons discussed below, Plaintiff's motion for sanctions is denied.

## PROCEDURAL HISTORY

Plaintiff's sanctions motion arises out of SUNY's alleged failure to produce an adequately prepared witness for a deposition held pursuant Rule 30(b)(6) of the Federal Rules of Civil Procedure. The procedural history relevant to Plaintiff's motion may be briefly summarized as follows:

On December 9, 2019, the parties submitted a joint letter to the Court, in which Plaintiff complained, *inter alia*, that SUNY was refusing to comply with what was then Plaintiff's third notice of a Rule 30(b)(6) deposition. (*See* Dkts. 56; 56-1, Ex. C.) On January 17, 2020, this Court held a telephonic conference with counsel, at which it addressed the propriety of Plaintiff's listed Rule 30(b)(6) deposition topics and provided guidance on each one of those topics. (*See* Dkt. 69 (Transcript of telephone conference held on Jan. 17, 2020).) The Court urged counsel to

work through their disputes in light of that guidance, and to narrow the scope of the Rule 30(b)(6) topics accordingly.  (*Id.*, at 47.)

On February 7, 2020, however, the parties made another joint submission (Dkt. 80 (containing separate letters from the parties)), in which Plaintiff's counsel noted that she had served an amended third deposition notice (Dkt. 80-1, at 17), but that the parties had remained unable to agree on the propriety of the listed topics.  Moreover, on April 14, 2020, the parties submitted yet another joint letter, in which Plaintiff's counsel complained, *inter alia*, that "[t]he categories of information [for the Rule 30(b)(6) deposition] remain[ed] unresolved."  (Dkt. 101, at 3.)  On May 26, 2020, this Court held another discovery conference (*see* Dkt. 111 (Transcript of telephone conference held on May 26, 2020)), at which it addressed the revised topics that Plaintiff had listed in the amended notice.  While Plaintiff's amended third notice incorporated some of this Court's instructions from January 17, that notice left intact many of the originally stated topics, which this Court had found to be overbroad.  This Court once again went through Plaintiff's listed topics, and again instructed Plaintiff to narrow them.  (*See* Dkt. 111, at 48-51.)

Despite those instructions, it appears that Plaintiff's counsel then re-served a copy of the deposition notice that, despite being titled a "fourth" notice, was materially identical to the amended third notice.  (*See* Dkt. 125-7.)  In response, SUNY's counsel herself crafted a list of proposed deposition topics (based largely, but not entirely, on this Court's comments) (Dkt. 125-8), and sent them to Plaintiff's counsel, who did not accept them.  In their joint letter of July 28, 2020, the parties seemed to suggest that they were still working on resolving their differences regarding the scope of the notice, and Plaintiff's counsel indicated that, if the parties remained unable to reach agreement, Plaintiff would nonetheless proceed with the deposition on

2

the topics outlined by SUNY's counsel, without waiving the right to seek further judicial intervention.  (*See* Dkt. 122.)

Plaintiff, however, then filed a motion on September 4, 2020, seeking to compel, *inter alia*, a Rule 30(b)(6) deposition of SUNY covering all of the topics listed in the fourth notice.  (Dkt. 125.)  In this motion, Plaintiff's counsel erroneously stated that the deposition of Dr. Ross Clinchy, SUNY's designated Rule 30(b)(6) witness, was scheduled for September 18, 2020 (*id.*), when the deposition was actually scheduled for September 17, 2020 (*see* Dkt. 132, at 2).  SUNY filed its response to Plaintiff's motion on September 10, 2020 (Dkt. 127), and Plaintiff filed a reply on September 11, 2020 (Dkt. 128).  On the understanding that the deposition was to take place on September 18, this Court issued an Order on September 17 to resolve the parties' continuing dispute.  (Dkt. 129.)  By that Order, this Court largely denied Plaintiff's motion to compel, but, given the parties' seeming inability to comprehend this Court's prior guidance, this Court laid out, in its Order, the specific topics on which the deposition would be permitted to proceed.  (*See id.*)  Dr. Clinchy, however, was deposed on September 17, 2020, apparently before the parties saw the Court's Order.  (*See* Dkt. 132.)

On September 21, 2020, Plaintiff filed another Letter Motion, seeking to compel SUNY to produce another Rule 30(b)(6) witness, contending that Dr. Clinchy had not been produced to give testimony regarding all of the topics identified in this Court's September 17 Order, and that, as to those topics on which he had been produced, he lacked sufficient knowledge to give adequate testimony.  (Dkt. 130.)  SUNY filed an opposition to that motion on September 24, 2020, arguing that it had sufficiently complied with its obligations under Rule 30(b)(6). (Dkt. 132.)  On September 25, 2020, upon reviewing the parties' submissions, this Court issued another Order, directing SUNY to provide Plaintiff with certain information in the form of sworn

interrogatory responses, and, "[o]therwise, to the extent [SUNY] did not designate a witness to testify at the Rule 30(b)(6) deposition regarding certain of the topics set out by this Court in its [September 17] Order," directing SUNY to "do so, and to make that witness available for a follow-up deposition" of not more than three hours, no later than October 6, 2020.  (Dkt. 133.)

The parties have provided this Court with no information as to whether any such follow-up deposition ever took place, and this Court assumes that none did.  Instead, on October 2, 2020, Plaintiff's counsel filed a letter informing the Court that Plaintiff would be moving for sanctions against SUNY with respect to the September 17 deposition, at which, Plaintiff maintained, Dr. Clinchy – while designated to give testimony on certain topics – was unable to answer questions within the scope of those topics.  (Dkt. 135.)

Plaintiff then filed the instant sanctions motion on October 16, 2020 (Dkt. 145), arguing that Dr. Clinchy had "insufficient knowledge" regarding three deposition topics.  (*Id.*)  Specifically, Plaintiff argued that Dr. Clinchy's testimony was deficient as to the following topics (numbered as shown in Plaintiff's fourth deposition notice):

> (1) The appointment process, qualifications, job responsibilities[,] terms and conditions associated with the positions of (a) Clinical Assistant Professor in the Psychiatry Department at SUNY Downstate, and (b) the Director of the Adult Psychiatry Residency Program at SUNY Downstate;
>
> (2) The purpose, function, and operation of the Adult Psychiatry Residency Program; and
>
> (6) The mission, resources and organization structure of the Psychiatry Department at SUNY College of Medicine and the Department of Psychiatry.

(*Id.*, at 2.)  SUNY filed a response on October 20, 2020, describing Plaintiff's sanctions motion as "nothing more than a list of minor quibbles with a few minutes of Dr. Clinchy's overall

testimony." (Dkt. 149, at 3.) SUNY further argued that any difficulty that Dr. Clinchy may have had in answering Plaintiff's questions was "the direct result of Plaintiff's attorney's improper conduct during the course of the deposition." (Dkt. 149, at 3.) On this point, SUNY asserted that "Plaintiff's attorney, Sandra Parker, repeatedly cut Dr. Clinchy off mid-answer and refused to allow him to complete his responses," and that "Ms. Parker even went so far as to tell Dr. Clinchy that he should not explain his answers, that she was not interested in details, and that she did not want to know the information he was trying to convey." (*Id.*) Plaintiff filed a reply on October 21, 2020, reiterating the position that SUNY had not produced an adequate Rule 30(b)(6) witness. (Dkt. 150.)

## DISCUSSION

This Court has reviewed the parties' letter briefs, as well as the full transcript of Dr. Clinchy's deposition, filed by SUNY at Dkt. 149-1. Upon review, this Court finds that Dr. Clinchy's testimony regarding deposition topics 1 and 6 were adequate, and that, while there were some gaps in Dr. Clinchy's preparedness to answer questions on deposition topic 2, sanctions are nonetheless not warranted.

Regarding topic 2, there were a few broad questions that Dr. Clinchy was unable to answer. For example, when asked, "do you have any knowledge concerning the operation of the residency training in general psychiatry?" he responded, "I guess I would say no to that." (Dkt. 149-1, at 40.) When asked, "do you know how the [residency] program operates?" Dr. Clinchy responded, "not in any particular detail, no." (*Id.*, at 45.) While these answers may seem problematic on their face, a Rule 30(b)(6) witness is not required to answer every single question posed, and the failure to do so does not, as SUNY has noted, "equate to the fact that the defendant did not satisfy its obligation to prepare its 30(b)(6) witness." (Dkt. 149, at 3 (citing

*Costa v. County of Burlington*, 254 F.R.D. 187, 190 (D.N.J. 2008)); *see also Oakley v. Federation of Employment and Guidance Services, Inc.*, No. 10cv7739 (JSR), 2011 WL 2946133, at *3 (S.D.N.Y. Jul, 12, 2011).)  Rather, the witnesses' allegedly inadequate answers should be viewed in the context of the deposition as a whole.  *Scantibodies Laboratory, Inc. v. Church & Dwight Co., Inc.*, No. 14cv2275 (JGK) (DF), 2016 WL 11271874 at *27 (S.D.N.Y. Nov. 4, 2016).  Here, a review of the deposition transcript reveals that Dr. Clinchy was able to testify about the mission of the residency program at SUNY (*see* Dkt 149-1, at 47-49), the general operation of residency programs (*see id.*, at 55-57), the rotation of residents of the Adult Psychiatry Program "through a variety of clinical experiences," (*id.*, at 59), the location of the program in 2014 (*id.*), and those who were responsible for the program's compliance with regulatory and accreditation standards (*id.*, at 169-72).  Moreover, Plaintiff has not given examples of specific, relevant information that Dr. Clinchy was unable to provide, nor did Plaintiff make any request on the record that SUNY follow up by providing such information after the deposition.  It should also be noted that there were several instances where Dr. Clinchy offered to elaborate on an answer and was not permitted to do so by Plaintiff's counsel.  (*See, e.g.*, id., at 45-46.)

In *Oakley*, the court considered a situation where a Rule 30(b)(6) witness answered many, but not all, of Plaintiff's questions, and where the witness occasionally responded, "That, I do not know."  2011 WL 2946133, at *2.  When the plaintiff filed a motion for sanctions alleging that the witness "lacked knowledge of the subject matter of plaintiff's deposition notice," *id.*, at *1, the court reviewed the transcript and concluded that the witness had been sufficiently prepared for the deposition, as, despite not knowing the answers "to all of Plaintiff's counsel's question[s], he was able to answer the vast majority of questions that were within the scope of

the 30(b)(6) notice and were not objectionable," *id.*, at *3.  Furthermore, the Court held that, where the witness responded "I don't know" to certain questions, Plaintiff's counsel could have requested that the witness find out the answers and provide them at a later date, rather than remain silent and subsequently file a motion for sanctions.  2011 WL 2946133, at *3.

In this instance, as in *Oakley*, this Court finds that Dr. Clinchy answered the vast majority of questions that were within the scope of the Rule 30(b)(6) notice and that, as to any question calling for particular information that he was unable to provide, Plaintiff's counsel could have requested that he supply the information at a later date, rather than simply file a motion for sanctions.

Finally, this Court notes that, in order to impose sanctions based on the testimony of a Rule 30(b)(6) witness, the "deponent's testimony must be egregious and not merely lacking in desired specificity in discrete areas." *Kyoei Fire & Marine Ins. Co. v. M/V Maritime Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007) (citing *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997)).  While there may have been some discrete areas here where Dr. Clinchy's testimony was lacking, his testimony was certainly far from egregious, and, accordingly, sanctions are not warranted.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motion for sanctions (Dkt. 145) is denied, and the Clerk of Court is directed to close that motion on the Docket of this action.

Dated: New York, New York
      December 8, 2020

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)