USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/27/2021_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROMAIN R. BRANCH,

                Plaintiff,

-against-

STATE UNIVERSITY OF NEW YORK
DOWNSTATE MEDICAL CENTER, and
AYMAN FANOUS, Individually and as Chair of
the Department of Psychiatry, STATE
UNIVERSITY OF NEW YORK DOWNSTATE
MEDICAL CENTER,

                Defendants.

18 Civ. 9516 (AT) (DCF)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff, Romain R. Branch, appeals the Honorable Debra C. Freeman's September 17, 2020 order (the "Order"), ECF No. 129, which denied Plaintiff's motion to compel one deposition and the production of documents, and which limited the scope of a second deposition. The Court has reviewed the Order and the parties' submissions dated October 1 and 7, 2020, ECF Nos. 134, 139. For the reasons stated below, the Order is AFFIRMED.

      Plaintiff brings this race and national origin discrimination case based on allegations that his employer, Defendants State University of New York Downstate Medical Center ("SUNY Downstate"), and Ayman Fanous, discriminated against him by stripping him of his job responsibilities, demoting him, and firing him. ECF No. 41. Plaintiff objects to Judge Freeman's discovery ruling denying his motion to compel the deposition of Wayne J. Riley, M.D., the current president of SUNY Downstate, and limiting the scope of his requested Federal Rule of Civil Procedure 30(b)(6) deposition by striking a category related to Dr. Riley's involvement in or knowledge of Plaintiff's employment. ECF No. 134 at 1.

      On July 24, 2020, Judge Freeman directed the parties to set forth all discovery that remained to be completed in this action. ECF No. 121. Judge Freeman noted that Plaintiff did not mention Dr. Riley's deposition in that submission and did not notice his deposition until August 26, 2020, only three weeks before the close of fact discovery. Order at 5. Based on this delay, Plaintiff's "ambiguous evidence" of Dr. Riley's direct involvement in Plaintiff's employment, and Dr. Riley's status as a high-ranking government official, Judge Freeman denied Plaintiff's motion to compel Dr. Riley's deposition and limited the scope of his Rule 30(b)(6) deposition accordingly. *Id.* at 5–7.

      Federal Rule of Civil Procedure 72(a) provides that the District Judge to whom a case is assigned shall consider a party's objection to a Magistrate Judge's order on a non-dispositive matter and shall "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S.

234, 242 (2001) (citation and internal quotation marks omitted).  An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.  *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

Plaintiff argues that the Order limits the production of relevant information.  Although all relevant information should be produced, *see* Fed. R. Civ. P. 26(b)(1), "to depose a high-ranking government official, a party must demonstrate exceptional circumstances justifying the deposition—for example, that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means."  *Lederman v. N.Y.C Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013).  This Court will not disturb Judge Freeman's assessment that Plaintiff has not demonstrated that Dr. Riley possesses "unique first-hand knowledge" related to his employment.

Additionally, Judge Freeman permitted Plaintiff to inquire into "[t]he identities of the persons who attended or were involved in communications, discussions, and correspondence regarding (a) replacing Plaintiff as Director of the Adult Psychiatry Program and (b) not renewing his employment contract, and the reasons for Plaintiff's replacement as Director and the non-renewal of his contract" during the Rule 30(b)(6) deposition.  Order at 7.  The Court disagrees with Plaintiff's contention that this directive prevented him from inquiring into Dr. Riley's role in Plaintiff's employment.

Accordingly, the Order is AFFIRMED.

SO ORDERED.

Dated: May 27, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge