```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ROMAIN R. BRANCH,

                       Plaintiff,

        -against-

STATE UNIVERSITY OF NEW YORK
DOWNSTATE MEDICAL CENTER, and AYMAN
FANOUS, Individually and as Chair of the Department
of Psychiatry, STATE UNIVERSITY OF NEW YORK
DOWNSTATE MEDICAL CENTER,

                       Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/31/2022_____

18 Civ. 9516 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Romain R. Branch, brings this action against Defendants State University of New York ("SUNY") and Ayman Fanous, alleging employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.*; 42 U.S.C. § 1981; 42 U.S.C. § 1983; the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. L. § 290 *et seq.*; and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code § 8-107 *et seq.* Third Amend. Compl., ECF No. 41.

On February 5, 2020, Defendants moved to dismiss Plaintiff's third amended complaint. ECF No. 75. On July 20, 2020, the Court granted Defendants' motion as to Plaintiff's retaliation and hostile work environment claims under Title VII, § 1981, § 1983, and the NYSHRL, as well as Plaintiff's NYCHRL claims against Fanous in his individual capacity, and denied Defendant's motion as to Plaintiff's disparate treatment claims under Title VII, § 1981, § 1983, and the NYSHRL, as well as Plaintiff's NYCHRL claims against SUNY. ECF No. 114. Defendants now move for summary judgment on Plaintiff's remaining claims. ECF No. 173.

Because the Court finds that there are no genuine disputes of material fact and Defendants are entitled to judgment as a matter of law with respect to Plaintiff's disparate treatment claims under Title VII, § 1981, § 1983, and the NYSHRL, *see* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986), Defendants' motion for summary judgment on those claims is GRANTED. The Court declines to exercise supplemental jurisdiction over Plaintiff's claims under the NYCHRL, and, therefore, those claims are DISMISSED. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 405 (2d Cir. 2017). In due course, the Court shall issue a memorandum opinion addressing Defendants' motion.

Additionally, Plaintiff's motion for leave to file a supplemental letter brief is DENIED. *See* ECF No. 204.

The Clerk of Court is directed to terminate the motions at ECF Nos. 173 and 204.

SO ORDERED.

Dated: March 31, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge